IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**MARY KATHERINE COLLINS,**

    Plaintiff,

v.                                                    Case No.: 3:16-cv-10030

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security,**

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff seeks a review of the decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act. This action is assigned to the Honorable District Judge Robert C. Chambers and has been referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending are Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 11), Defendant's Brief in Support of Motion to Dismiss Plaintiff's Complaint. (ECF No. 12) and Plaintiff's Objection to Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 13). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Motion to Dismiss, **DISMISS** the complaint and remove this action from the docket of the Court.

Background

On March 27, 2013, May Katherine Collins (hereinafter Claimant) filed applications for disability insurance benefits (DIB) and supplemental security income (SSI).[1] The Social Security Administration (hereinafter Defendant) denied Claimant's applications initially and upon reconsideration. Claimant filed a request for an administrative hearing. By written decision dated May 27, 2015, the ALJ found that Claimant was not disabled as defined in the Social Security Act.

Claimant filed a request for review of the ALJ's decision with the Appeals Council (AC). On August 17, 2016, the Appeals Council issued a Notice of Appeals Council Action, advising Claimant that her request for review had been denied. The Appeals Council further notified Claimant that she had the right to seek judicial review of the decision by filing a civil action in the appropriate United States District Court, but the action had to be instituted within sixty days after Claimant received the Notice of Appeals Council Action. Claimant was told that receipt would be assumed to have occurred five days after the date of the Notice unless Claimant could demonstrate otherwise. In addition, Claimant could request an extension of time from the Appeals Council to file the lawsuit if there was a good reason for the delay.

On October 25, 2016, Claimant filed the present civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). (ECF No. 2). Defendant was served with the summons and complaint and filed a Motion to Dismiss Complaint on December 27, 2016 (ECF No. 12).

Waiver of Immunity

As a general rule, the United States and its agencies are immune from suit, except to the extent that they waive their sovereign immunity by consenting to litigation. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996 (1994). It is well settled that any such waiver must be expressly stated and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v.*

---
[1] The dates of some assertions and decisions are unknown because a transcript has not been filed at this time.

*Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996) (citing *United States v. Williams,* 514 U.S. 527, 531, 115 S.Ct. 1611, 1616, 131 L.Ed.2d 608 (1995)). Of relevance to this action, the Social Security Act provides for a limited waiver of immunity in the case of a claimant seeking judicial review of the final decision of the Commissioner of Social Security. According to Section 205(g) of the Social Security Act, "any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The pertinent regulations provide that the sixty days shall begin to run upon receipt of the notice by the individual, and receipt shall be presumed to occur five days after the date of mailing, unless there is "a reasonable showing to the contrary." 20 C.F.R. §§ 404.901, 404.981.

The sixty-day period is a statute of limitations and, because it is a condition on the waiver of immunity, must be strictly construed. *Bowen v City of New York,* 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Nevertheless, the agency's Appeals Council may extend the sixty days "upon a showing of good cause" by the claimant. 20 C.F.R. § 422.210(c). Moreover, a court may equitably toll the limitations period on the rare occasion "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen,* 476 U.S. at 480.

Defendant's Motion to Dismiss

In the case at bar, Defendant asserts that Claimant's complaint should be dismissed because she filed it more than 60 days after receipt of the Appeals Council's Notice denying her request for review (ECF No. 12). Defendant argues that there are no circumstances in this case that justify equitable tolling of the 60 day requirement for commencing a civil action. (*Id.*) Defendant points out that Claimant has not provided any evidence that she "ever requested, or that the Commissioner

3

granted, an extension of time within which [Claimant] could commence a civil action in this case." (*Id.*) Additionally, Defendant asserts that "there are no circumstances that would justify equitable tolling of the 60 day filing requirement in the instant case."

### Claimant's Objection

Claimant's counsel filed the complaint for review of the decision of the Commissioner of Social Security on October 25, 2016. Claimant states:

> Inadvertently, the complaint was filed in an untimely manner, and without showing good cause. This was a gross oversight by Plaintiff's counsel. This occurred because the filing deadline was calendared incorrectly (ECF No. 13).

### Discussion

Claimant asserts that she "stands to suffer irreparable harm if the Court does not find good cause to toll the 60 day filing limitation." (*Id.*) A litigant seeking application of equitable tolling bears the burden of establishing two elements: (1) that he or she has been pursuing his or her rights diligently; and (2) that some extraordinary circumstance stood in his or her way. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Claimant did not reference any case law nor discuss the two elements necessary to establish equitable tolling. Therefore, Claimant did not meet her burden to apply equitable tolling.

### Conclusion

According the undersigned suggests the District Judge find that Claimant failed to timely file her complaint; did not file a request for an extension of time to file her complaint in District Court outside the 60 day statute of limitations; and failed to meet the requirements for equitable tolling to apply. Therefore, her action is barred by the applicable statute of limitations and should be dismissed

Based on the foregoing, the undersigned United States Magistrate Judge respectfully recommends that the District Judge **GRANT** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 11), **DENY** Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Complaint (ECF No. 13), **DISMISS** this action, and remove it from the docket of the Court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: May 22, 2017

Dwane L. Tinsley
United States Magistrate Judge