**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

MARY KATHERINE COLLINS,

        Plaintiff,

v.                                          CIVIL ACTION NO.   3:16-10030

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the Court grant Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 11), deny Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Complaint (ECF No. 13), and dismiss this action and have it removed from the docket of the Court. Plaintiff objects to the Findings and Recommendations. ECF No. 17. For the following reasons, the Court agrees with the Magistrate Judge.

In the Proposed Findings and Recommendations, the Magistrate Judge found Plaintiff (1) failed to file her claim with the District Court within the sixty-day time limit for

commencing a civil action, 42 U.S.C. § 405(g),[1] 20 C.F.R. §§ 404.901,[2] 404.981;[3] (2) did not

request an extension of time, 20 C.F.R. § 422.210(c)[4]; and (3) failed to establish a basis for

equitable tolling to apply. *Proposed Findings and Recommendations*, at 4 (ECF No. 14). In her

Second Amended Objections to the Proposed Findings and Recommendations, Plaintiff's counsel

states she diligently and timely filed documents in this matter during the administrative stages, but

she "unknowingly filed the present civil action" three days late and did not seek an extension.

*Second Am. Pl.'s Obj. to the Proposed Findings and Recommendations*, at 2. As a result, Plaintiff

argues that the statute of limitations should be equitably tolled because she did not know her

attorney inadvertently missed the filing deadline, and she will suffer irreparable harm if the

deadline is not tolled.

 

With respect to equitable tolling, the Fourth Circuit has held that it should rarely be

applied and only applied in "extraordinary circumstances." *Rouse v. Lee*, 339 F.3d 238, 246 (4th

Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The Fourth Circuit

---

[1] Section 405(g) provides, in part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

[2] Section 405.901 states, in part: "Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period."

[3] Section 404.981 provides, in part: "You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action."

[4] In relevant part, § 422.210 provides that a civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received . . . except that this time may be extended by the Appeals Council upon a showing of good cause."

further has explained that, under the "extraordinary circumstances" test, a litigant only is entitled to equitable tolling where the litigant presents: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.* "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Comparably, the Fourth Circuit has held that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000) (applying the "extraordinary circumstance" standard to a federal habeas petition).

In this case, the fact the Complaint was filed late because of an inadvertent error is insufficient to meet the "extraordinary circumstances" test set forth by the Fourth Circuit. Accordingly, the Court **DENIES** Plaintiff's objections, **ACCEPTS AND INCORPORATES HEREIN** the Findings and Recommendations of the Magistrate Judge, **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 11), **DENIES** Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Complaint (ECF No. 13), **DISMISSES** this action, and **DIRECTS** this action be removed this action from the docket of the Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:      June 23, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE